UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MAURICE D. YOUNG, | ) |
| Plaintiff | ) |
| v. | ) 2:11-CV-00114-JAW |
| PENOBSCOTT BAY HOSPITAL, | ) |
| Defendants | ) |

ORDER GRANTING LEAVE TO PROCEED
*IN FORMA PAUPERIS*

Plaintiff, an inmate at Knox County Jail, Rockland, Maine, seeks leave to proceed *in forma pauperis*. In accordance with my order of March 29, 2011, Mr. Young has refiled his application to proceed *in forma pauperis* together with the necessary account activity ledger. I will accept this as submitted. My review of the ledger sheet indicates that the applicant has $11.01 in his account as of April 4, 2011; that over the last four months the average deposits have been $71.25; and that the average monthly balance has been $7.99.

The application is GRANTED, however, pursuant to 28 U.S.C. section 1915(b)(1), Plaintiff is required to pay the entire filing fee in this matter as funds become available. An initial partial filing fee is hereby ASSESSED in the amount of $14.25. In the event Plaintiff elects to proceed with this matter and so notifies the Court, the initial partial filing fee shall be forwarded by the institution as soon as funds are available. Subsequent payments **of twenty percent (20%) of Plaintiff's prior monthly income** shall be forwarded directly **by the institution** each time the amount in the inmate's account exceeds $10.00 until such time as the entire filing fee of $350.00 has been paid. Plaintiff is advised that, in the event he is released

from incarceration prior to the filing fee of $350.00 being paid in full, he is still required to pay the entire filing fee, absent further order of the court relieving him of the obligation.

In addition, Plaintiff is hereby on notice that the Court may dismiss this action if it:

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b). If the Court does dismiss the action under this section, Plaintiff will still be required to pay the filing fee in full.

Further, Plaintiff is hereby on notice that a prisoner with three in forma pauperis actions dismissed under section 1915(e) may not thereafter, absent "imminent danger of serious physical injury," file a new action without prepayment of the entire filing fee. 28 U.S.C. § 1915(g).

Young's complaint is particularly susceptible to dismissal. First, the claim is clearly one for medical malpractice in relation to the treatment of his son at the Penobscot Bay Hospital, in Maine. Young is a resident of Maine. On the face of the complaint there is no diversity jurisdiction. 28 U.S.C. § 1332(a)(1). There is no federal question subject matter jurisdiction over medical negligence claims against non-federal entities. See Hickey v. MetroWest Medical Center, 193 Fed.Appx. 4, 6, 2006 WL 2008105, 1 (1st Cir. 2006) (unpublished); see also Esquilin-Mendoza v. Don King Productions, Inc., __ F.3d __, __, 2011 WL 579322, 2 (1st Cir. Feb. 18, 2011) ("[I]t is well established that the courts have a duty to ensure that they are not called upon to adjudicate cases which in fact fall outside the jurisdiction conferred by Congress. Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006)."). What is more, Young indicates that he filed a complaint on this matter in the state courts that was dismissed as frivolous. This raises serious concerns about res judicata/claim preclusion in terms of reintroducing the complaint in a

federal forum.  See, e.g., FleetBoston Financial Corp. v. Alt., __ F.3d __,__, 2011 WL 1025269, 7 (1st Cir. Mar. 23, 2011).

Now therefore, Plaintiff shall notify the Court no later than April 29, 2011, whether he intends to incur the cost of the filing fee and proceed with this action, or whether he intends to forego this litigation at this time.  If Plaintiff elects to proceed, the written notification shall clearly indicate that Plaintiff understands his obligation to pay the full $350 filing fee as funds are available, and that he nevertheless wishes to proceed with the action.  Failure to fully comply with this Order will result in the issuance of a recommendation to dismiss the Complaint.  A copy of this Order shall be forwarded to the Business Office of Knox County Jail, Rockland, Maine, *following* Plaintiff's **indication to the Court that he intends to go forward with this matter and incur the $350.00 cost of suit.**

SO ORDERED.

April 8, 2011                                         /s/  Margaret J. Kravchuk
                                                      U.S. Magistrate Judge