UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MAURICE D. YOUNG, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) 2:11-cv-00114-JAW |
| | ) |
| PENOBSCOTT BAY HOSPITAL, | ) |
| | ) |
| Defendant | ) |

**RECOMMENDED DECISION**

Maurice Young is pursuing a civil action against Penobscot Bay Hospital for alleged medical malpractice in the treatment of his son. In my order addressing Young's application to proceed in forma pauperis, I cautioned Young that his complaint was particularly susceptible to dismissal. That order explained to Young:

> First, the claim is clearly one for medical malpractice in relation to the treatment of his son at the Penobscot Bay Hospital, in Maine. Young is a resident of Maine. On the face of the complaint there is no diversity jurisdiction. 28 U.S.C. § 1332(a)(1). There is no federal question subject matter jurisdiction over medical negligence claims against non-federal entities. See Hickey v. MetroWest Medical Center, 193 Fed.Appx. 4, 6, 2006 WL 2008105, 1 (1st Cir. 2006) (unpublished); see also Esquilin-Mendoza v. Don King Productions, Inc., __ F.3d __, __, 2011 WL 579322, 2 (1st Cir. Feb. 18, 2011) ("[I]t is well established that the courts have a duty to ensure that they are not called upon to adjudicate cases which in fact fall outside the jurisdiction conferred by Congress. Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006)."). What is more, Young indicates that he filed a complaint on this matter in the state courts that was dismissed as frivolous. This raises serious concerns about res judicata/claim preclusion in terms of reintroducing the complaint in a federal forum. See, e.g., FleetBoston Financial Corp. v. Alt., __ F.3d __,__, 2011 WL 1025269, 7 (1st Cir. Mar. 23, 2011).

(April 8, 2011, Order at 2-3 Doc. No. 5.) In his response to this order Young intimates that he should be accorded deference as a pro se plaintiff but he does not address the jurisdictional concerns of my previous order.

Young has filed a motion to amend that states:

> The father of Thomas A. Young 17 month old infant child seeks monetary damages against Penobscot Bay Medical Hospital for full time permanent disabilities affirmed by the Social Security Administration on December 2, 2010. Which violates civil rights and libert[ie]s guaranteed by federal jurisdiction, to be free from attempted murder and perman[ent] maiming.

(Mot. Am. at 1, Doc No. 7.) Young has also filed an attachment that states that the Women, Infants, and Children program (WIC) in Rockland threatened to take away milk, peanut butter, and cheese benefits if his family did not have Thomas vaccinated. (April 20, 2011, Attach. at 1, Doc. No. 9.) Young relates that he confronted an employee at his family practice, a person who was preparing to vaccinate his son, about his concerns about the vaccination and she indicated that "everything would be fine." (Id.) However, Young complains: "It was not fine the child became so sick it almost killed him while everyone involved acted like they didn't see a thing," (Id.) Over a twenty-four hour period Young's son became dehydrated due to severe vomiting and had inadequate medical attention at Penobscot Bay. (Id.) Young alleges that when they unplugged the IV his son's pulse plunged from 120 to 90, and he had to be put back onto the IV to regain strength. (Id.)

These additional pleadings do help add detail to the medical circumstances Young thinks support his claim against his sole defendant, Penobscot Bay Hospital. If I construe Young's pleadings as invoking this court's federal subject matter jurisdiction and seeking to press a 42 U.S.C. § 1983 claim, the defendant to this suit is not a state actor within the meaning of 42

U.S.C. § 1983. See American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999) ("The under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.")(quotations and citations omitted). Young has identified an employee at a family practice and referred to WIC requirements but he has not named any new defendant nor do these references to non-parties give rise to any plausible theory, see Ashcroft v. Iqbal, 556 U.S. __, __, 129 S.Ct. 1937, 1947-49 (2009), that there is federal jurisdiction because a state actor acted in step with Penobscot Bay in violating Young's civil liberties, Yeo v. Town of Lexington, 131 F.3d 241, 249 (1st Cir. 1997). I must reiterate that the claim is near impossible to characterize as anything but a medical malpractice issue which does not sound a concern under the federal constitution or federal statutes. As I indicated in my prior order, there is not complete diversity of citizenship, a requirement in order to proceed on that theory of federal jurisdiction. See 28 U.S.C. § 1332(a); Picciotto v. Continental Cas. Co., 512 F.3d 9, 17 (1st Cir.2008)("The statutory grant of federal jurisdiction in diversity cases gives district courts "original jurisdiction of all civil actions where the matter in controversy ... is between ... citizens of different States.").

## CONCLUSION

My previous order apprised Young of the jurisdictional concerns. Young has now filed two pleadings apparently in response to this order that do nothing to cure the jurisdictional deficiency. I cannot but recommend that the case be dismissed for lack of federal jurisdiction.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought,

together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

      Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

                                            /s/ Margaret J. Kravchuk
                                            U.S. Magistrate Judge

April 26, 2011